UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| JUAN BOSCO ALVAREZ, | ) | NO. CV 12-7494-RGK-MRW |
| Petitioner, | ) ) | |
| | ) | PROTECTIVE ORDER |
| v. | ) ) | |
| BRENDA M. CASH, Warden, | ) ) | |
| Respondent. | ) ) | |

IT IS HEREBY ORDERED that the Motion for Protective Order is GRANTED.

The Court hereby enters the following Protective Order, which regards: (1) documents and materials from trial and appellate counsel's files that Petitioner discloses during this habeas action which are protected by the attorney-client privilege and/or work product doctrine, including declarations of prior counsel[1]; (2) confidential documents and materials relating to Petitioner's health and mental health that Petitioner discloses during this habeas action; and (3) any reference to such documents in the parties' pleadings submitted to the Court. This Protective Order pertains to litigation preceding any evidentiary hearing this Court may hold in this case and does not address

---

[1] *See Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003).

the testimony provided at any evidentiary hearing in this matter.

1. On June 27, 2013, Petitioner filed his Timeliness Brief. Petitioner also filed a First Amended Petition ("FAP"). In pleading his claims and addressing the issue of timeliness, Petitioner included, 1) facts and statements from his prior counsel related to Petitioner's representation at trial that are protected by the attorney client privilege and work product doctrine[2], and 2) confidential medical and mental health records.[3] This privileged and confidential information is referenced throughout the Timeliness Brief and the FAP. In addition to these already-filed privileged or confidential documents, this litigation may require additional production of documents and testimony that Petitioner contends are subject to claims of privilege and/or are protected from disclosure by the attorney work product doctrine, or are confidential records relating to Petitioner's mental health. *See John B. v. Superior Court*, 38 Cal. 4th 1177, 1198, 137 P. 3d 153, 45 Cal. Rptr. 3d 316 (2006) (holding that the California Constitution's recognition of the inalienable right to privacy extends to medical records, subject to certain limitations). Any such documents shall be subject to this Protective Order.

2. All privileged and/or confidential documents as described in Paragraph 1 above which are disclosed in this action may be used only for purposes of litigating this habeas corpus proceeding by: a) Petitioner and the members of his legal team, i.e., lawyers, paralegals, investigators, and support staff, assigned to this action by the Office of the Federal Public Defender, and persons retained by Petitioner's counsel to litigate this matter, including, but not limited to, outside investigators, consultants, and expert witnesses; and (b) Respondent and the members of the legal team, i.e., lawyers, paralegals, investigators, and support staff, assigned to this action by the California

---

[2] Materials and testimony subject to a privilege or the attorney work product doctrine will be referred to collectively hereinafter as "privileged" materials.

[3] Personal medical and mental health records which are confidential will be referred to collectively hereinafter as "confidential" materials.

Department of Justice, Attorney General's Office, and persons retained by Respondent's counsel to litigate this matter, including, but not limited to, outside investigators, consultants, and expert witnesses. This Protective Order extends to members of the legal teams and all persons retained by the parties to litigate this matter. All such individuals shall be provided with a copy of this Protective Order. Nothing in this Protective Order shall preclude any person or agency from using any information contained in materials designated as privileged or confidential material in this habeas corpus action if the information was lawfully obtained independently of this habeas corpus action.

3.  Except for disclosure to the persons and agencies described in Paragraph 2, or unless otherwise ordered by a court, disclosure of the contents of the documents and the documents themselves shall not be made to any other persons or agencies, including, but not limited to, prosecutorial agencies and law enforcement personnel, without the Court's order.

4.  Documents that Petitioner contends are privileged or confidential shall be clearly designated as such by labeling the documents in a manner that does not prevent reading the text of the document. If the parties disagree about the designation of material as privileged or confidential pursuant to this Protective Order and are unable to resolve the dispute informally, the parties shall follow the procedure for resolving discovery disputes prescribed by Fed. R. Civ. Proc. 37 and Local Rules 37-1 through 37-4.

5.  All documents designated as privileged or confidential that are submitted to this Court shall be submitted under seal in a manner reflecting their confidential nature and designed to ensure that the privileged or confidential material will not become part of the public record, in accordance with Local Rule 79-5. Any pleading or other papers served on opposing counsel or filed or lodged with the Court that contain or reveal the substantive content of the privileged or confidential matter shall be filed under seal, and shall include a separate caption page that includes the following confidentiality notice or its equivalent:

<u>TO BE FILED UNDER SEAL</u>

**THIS PLEADING OR DOCUMENT CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A PROTECTIVE ORDER AND IS NOT TO BE OPENED NOR ITS CONTENTS DISPLAYED OR DISCLOSED**

6. If privileged or confidential documents or documents containing privileged or confidential information are filed with this Court, they shall be filed with the Clerk of this Court in sealed envelopes prominently marked with the caption of the case and the foregoing Confidentiality Notice. The Clerk of the Court is directed to maintain the confidentiality of any documents filed in accordance with the above. Insofar as reasonably feasible, only confidential portions of the filings shall be under seal; and the parties shall tailor their documents to limit, as much as is practicable, the quantity of material that is to be filed under seal. When a pleading or document contains only a limited amount of privileged or confidential content, a party may file a complete copy under seal and at the same time file on the public record an additional, redacted version of the document, blocking out the limited matter comprising the confidential portions.

7. No later than 30 days after this Protective Order is granted, Petitioner shall identify any previously filed or lodged documents that are privileged or confidential. For each such item, Petitioner shall file a redacted version of the item, if feasible, blocking out the privileged or confidential matter; and for each such originally filed item, Petitioner shall supply the clerk with a "To Be Filed Under Seal" caption page and envelope that conform to the privileged caption, and the clerk shall insert the filed or lodged item in the envelope, seal the item, and re-file it.

8. Petitioner's disclosure of documents from trial or appellate counsel's file in this action, and any related testimony by Petitioner or members of Petitioner's defense team at any evidentiary hearing in this case, does not constitute a waiver of Petitioner's rights under the Fifth and Sixth Amendments to the United States Constitution in the event of any retrial.

9. This order shall continue in effect after the conclusion of the habeas corpus

1  proceedings and specifically shall apply (1) in the event of a retrial of all or any portion
2  of Petitioner's criminal case, and (2) in the event of any competency proceedings beyond
3  the instant action.  Any modification or vacation of this order shall only be made upon
4  notice to and an opportunity to be heard from both parties.
5      IT IS SO ORDERED.

8  Dated: August 8, 2013                  _____
                                          MICHAEL R. WILNER
9                                         United States Magistrate Judge

11  Presented by:

12  */S/ Lauren Collins*
13  LAUREN COLLINS
    Deputy Federal Public Defender